## 10176

### HONEYCUTT v. PACIFIC MILLS.

#### (98 S. E. 795.)

Master and Servant—Injury to Servant—Fellow Servants—Furnishing Instrumentalities for Work—Question for Jury.—Iu an action by a servant for injuries caused by a fellow servant in moving a heavy box by hand, evidence *held* to sustain finding that proximate cause of injury was moving of box without suitable machinery undei direct command of a representative of master.

Before Memminger, J., Richland, Spring term, 1918. Affirmed.

Action by D. J. Honeycutt against Pacific Mills. Judgment for plaintiff, and defendant appeals.

*Messrs. Wm. Elliott* and *James H. Fowles,* for appellant, submit: *Plaintiff's injury was caused by the act of a fellow servant, and to hold defendant liable, he must show that the fellow servant, when the accident occurred, was obeying an order of the master:* Labatt on Master and Servant, vol. I, p. 1231. *If plaintiff was injured because he chose to obey an order to remove machinery by hand, which method was known by him to be dangerous, he cannot recover:* L. R. A. 1917c; 481 (Ga.); Labatt on Master and Servant, vol. I, p. 1230; 72 S. C. 242; 80 S. C. 391; 7 Ann. Cas. 436; 89 S. E. 499. *There was a total failure of evidence to show that defendant failed in its duty to furnish the plaintiff with a*

*safe place and appliances to work:* 89 S. E. 499.   *Plaintiff's own testimony showed that he knew the risks of the work he was engaged in, and it was error to charge the jury that it was a question of fact for them to determine whether or not plaintiff assumed the risk:* 143 Mass. 197; 9 N. E. 608; 72 S. C. 348; 80 S. C. 238; Labatt on Master and Servant, vol. I, 1235.

*Messrs. James S. Verner* and *James H. Hammond,* for respondent, cite:  *On the whole case:* 95 S. C. 138; 107 S.C. 387; 85 S. C. 372; 82 S. C. 548; 81 S. C. 522; 82 S. C. 528; 86 S. C. 133; 84 S. C. 364; 89 S. C. 502; 82 S. C. 542; 84 S. C. 364; 85 S. C. 363; 86 S. C. 229; 87 S. C. 240; 101 S. C. 96; 91 S. C. 127.

March 29, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for personal injury.  The plaintiff, Honeycutt, was a mechanic in the employ of the defendant mills.  The plaintiff was engaged in removing some boxed machinery from the elevator to the floor of the mill.  The plaintiff and his colaborers were using trucks in moving the machinery.  The trucks were provided for the purpose. The plaintiff testified that while he was at work moving the machinery by the trucks, Mr. Boling, the master mechanic, came up and ordered them to discontinue the use of the trucks and to move the machinery by hand.  That while moving a heavy box of machinery, one of the negro hands was moving another box of machinery, without the use of a truck, in obedience to the order of Mr. Boling, and the negro's box struck the box the plaintiff was moving and injured the plaintiff.  The plaintiff admitted that moving the machinery by hand was more dangerous than moving it by use of the trucks.  The defendant denied that any such order was given.  By its answer the defendant made a general denial, and pleaded that the injury was the act of a fel-

low servant, contributory negligence, and · assumption of risk. The defendant moved for a nonsuit and a direction of a verdict, both of which were refused. The jury found a verdict for the plaintiff, and the defendant appealed upon four exceptions, but all are based upon the one proposition that there was no evidence to sustain the verdict. The proposition cannot be sustained. , There was evidence that the proximate cause of the injury was the improper handling of another box of machinery by a fellow servant who was moving his box without suitable machinery, and that he was doing his work in this improper manner under the direct command of the representative of the master. It is true that the command is denied by the master, but this made a question for the jury, and the presiding Judge could neither grant a nonsuit nor direct a verdict.

The judgment is affirmed.